Thank you, Your Honor. Good morning to the court. My name is Mike Purcell, and I'm here for the petitioner in this case. There's a couple of things we probably should get out of the way real quickly. The petitioner's been released on bond. He filed his own pro se habeas corpus sometime later. Well, this case was pending, so I believe that the issues related to is going to be deported under the rubric of aggravated felony remain because of the fact that it causes significant barriers for him to return to this country in order for him to have a visa petition approved for him. In the particular case here, the current Ninth Circuit analysis has been recently set out in a case called Plaza-Martinez 464F sub 1010. And in this case, the court held that the entire range of conduct that's posed by the offense must constitute a sexual abuse of a minor. And in that particular case, they were construing, I believe, a Tennessee or North Carolina statute, and they held that the fact that a person would have sexual relations with a minor 17 years or older was not going to constitute abuse under the requirement of the aggravated felony definition that there actually be sexual abuse of a minor. I think so, Your Honor. At least exhaustion was excused. The case came up in a variety of different sort of ways. It originally arose as an ordinary course to the BIA, and there was a petition for review filed with this court in, I believe, early 05. Your Honor, at that time, I guess they were dealing with a different sort of record at that time. They had only the BIA record to deal with. This case dealt with it, came up as a real ID case. It was filed originally with the District Court of Seattle. It should have, Your Honor. I think that there was probably a view at that time that the issue was foreclosed by the BIA's decision in a matter of small. And since that time, there's been quite a number of changes in the law and probably not, Your Honor. I wish it had been filed more clearly at that time. But the Ninth Circuit in its action on that decision, or excuse me, on that petition, didn't allow the case to be represented as a habeas corpus petition, Your Honor. I think the idea was at that time that there was no jurisdiction at the Ninth Circuit. And then after that time, real ID came along. Well, excuse me. There was no jurisdiction probably at that time at the Ninth Circuit. It was dismissed for the idea that a habeas corpus petition would be filed. So this is similar. Well, I think that that was the idea at the time, Your Honor, because of the aggravated felony situation. And then, so the case was dismissed with permission to proceed as a habeas corpus or without prejudice to filing a habeas corpus. This habeas corpus was filed. Then along came real ID. No, no, no. Is it real ID? Yeah, real ID. That's correct. This was a matter of a very short period of time. This all happened in early 2005. And then it turned out that the habeas corpus petition lacked jurisdiction or jurisdiction would be transferred to this Court in real ID. And we treated it as a petition, so you're back to ground one. Right. But I thought the initial petition, I thought the first petition with our Court was dismissed voluntarily. Well, I agree that it's true, Your Honor. It was a voluntary motion, but the Court did allow it to be, the Court's order said that there would be without prejudice to proceed as a habeas corpus. And I don't think whether it was voluntary or not matters that much, because at that time I think it was pretty clear that this Court did not have jurisdiction. Well, at that time, Your Honor, I, well, actually it's not completely, the Court had jurisdiction to determine its own jurisdiction, and they probably could have looked at whether it was an aggravated felony at that time. Well, I agree that they would have that jurisdiction, but not, and indirectly would be able to review the situation. But at the time, I guess it was, the idea was it would be better to proceed in habeas corpus, and the Court, in its order, allowed the habeas corpus to proceed, or it did not prejudice the filing of this case, which essentially is the habeas corpus that was allowed, or at least the dismissal was allowed with the idea that it would not prejudice the filing of this case. So I think we're still in the same sort of mode through a lot of circuitous ramblings  Assuming that we can get past exhaustion, we have the issue. And why isn't something that meets the definition of an aggravated felony under federal law, why can't that be considered an aggravated felony, even if it's a state misdemeanor? Well, I, there's a lot of law on this, Your Honor, and I agree they could define state misdemeanors to be aggravated felonies. The question is whether this state misdemeanor is an aggravated felony. In this particular case, this was contributing to delinquency of a minor, and if I remember the elements correctly, that only required that the defendant be over 18 and the minor be under 18. I'm not aware of any case, even the Afredi case, if I'm saying that name right, the Afredi case, that was relied upon very heavily by the government, did not deal with that situation. There, there was a requirement of a certain age gap between the age of the minor and the age of the defendant. And the two cases that the court has decided since the Afredi case both distinguish the Afredi case, and those are the Lopez-Solas case and the Plaza-Martinez case. And I think the only distinction there, Your Honor, is that in Afredi there should or there seems to have been some deference given to the BIA's decision. Is that both the Lopez-Martinez and the, I mean, I'm conflating those. Lopez-Solas and Plaza-Martinez were sentencing guideline cases, and Afredi was a BIA case. Now, if you want to have some rebuttal time, respond to Ms. Shapiro-Cohen. Any better reserves? Better reserves from now. Thank you, Your Honor. Okay. Ms. Shapiro-Cohen, please proceed. Good morning, Your Honors. My name is Rebecca Cohen, Assistant United States Attorney from the Western District of Washington, and I'm here representing the government in this case. And I'd like to focus primarily on one issue, and that's the aggravated felony issue that counsel has just discussed. And I'd like to start out by pointing out that prior today at no time has the petitioner argued that his conviction was not for the sexual abuse of a minor. The only thing he had been arguing as it relates to this issue was that a state misdemeanor conviction for sexual abuse of a minor can't constitute an aggravated felony under federal law. So there was no question that the conviction for which petitioner or that the crime for which petitioner was convicted was a crime that was a sexual abuse of a minor. There was just another issue, which was, you know, if that crime under state laws is a misdemeanor, can it be an aggravated felony? But petitioner now for the first time today has raised a separate and I think very different issue, and that issue is whether the conviction was for sexual abuse of a minor at all. And I would start by submitting that he certainly has not exhausted his administrative remedies with regard to that argument, actually with regard to any of his arguments. But specifically here at no point prior today did the petitioner argue that he was not convicted for a crime that was the sexual abuse of a minor. He certainly didn't raise it to BIA, and it wasn't raised in his earlier habeas petition or in his earlier Ninth Circuit petition for review. He was not raised in the opening brief either, Your Honor. The issue that was raised there was can a conviction for sexual abuse of a minor constitute an aggravated felony if it's a state law misdemeanor? The Supreme Court has – I thought the Supreme Court ruled on the opposite case, that if something was a state felony but the conduct was a misdemeanor federal law, then you couldn't put it under this category. As far as I know, there's no precedent on the issue going this way. Is that right? I think that is partially correct. The Supreme Court, I'm assuming you're referring to the Lopez decision from last year, did in a very different context. It was looking at the aggravated felony definition as it pertains to crimes for illicit drug trafficking. In that case, they were looking at a different prong of the aggravated felony definition. Essentially, Section 101.43 of the Immigration and Nationality Act has a number of different subsections in how it defines aggravated felony. Each subsection is for a different type of crime. Subsection 1 says that an aggravated felony means a murder, rape, or sexual abuse of a minor. I'm sorry, that's Subsection A. Subsection B says the term aggravated felony means illicit trafficking in a controlled substance as defined in Section 802 of Title I, including a drug trafficking crime, as defined in Section 942C of Title XVIII. In that prong of the aggravated felony definition, it specifically contains a cross-reference to federal statutes that define federal drug trafficking crimes. And so when the Supreme Court issued Lopez, it was looking at a different part of the statute that implicitly or explicitly requires that the crime be a federal drug felony under federal law. There's no parallel language in the part of the aggravated felony definition that talks about sexual abuse of a minor, and I think that's the key distinction between the language that we're looking at today and the very different language that the Court was looking at in Lopez when it was looking at federal drug trafficking crimes. Let me ask you this. Sure. You know, the fundamental question that he's raising here about whether this is an aggravated felony. Had that argument, let's assume that argument had been presented to the Board way back when. Is it plausible that the Board, you know, was it an argument that it was just foreclosed before the Board? At the time, in 2002, the BIA had issued the Small decision, and in Small the BIA had said that state law misdemeanor convictions for sexual abuse of a minor are aggravated felonies under the Immigration and Nationality Act. So I would say that it was well settled under prior BIA precedent. How about the argument he's making here today? The argument he's making here today that it wasn't sexual abuse of a minor at all. To be honest, I don't know the answer to that. I would need to go back and look. I simply hadn't even thought about it before today. My understanding was that he was conceding that there was a conviction for sexual abuse of a minor. It's just that because it was a misdemeanor, it couldn't be an aggravated felony. So I feel like I'm addressing a completely new issue now. Okay. And I would submit that although I think neither issue was exhausted, I did at least have the opportunity to brief the prior question. I have not even briefed the secondary question of was it sexual abuse of a minor at all. And I would, I think, if the Court is inclined to even consider that question, like an opportunity to go back because here we do have a record where the petitioner was originally charged with the forcible rape of a 15-year-old girl. And I would submit that I think if allowed to brief it and look at these cases that I'm hearing about for the first time today, I would submit that even the conviction we're talking about is sexual abuse of a minor. I thought that's what he was charged with when he pled to something different. Well, I think under the modified categorical approach, though, potentially if the Court were even to get to this issue, we would look at the specific facts in the case. And I would need to just go back. Well, you would look at certain documents, but that's neither here nor there. Right. Right. And I just don't think the Court even should get there based on exhaustion and other things today. I did want to touch on a secondary question I think that was asked of me earlier, which was on the misdemeanor felony distinction for aggravated plaint, is there settled law on that question? And I would submit that the answer is yes. This Court, as well as courts in numerous other circuits, have held that if you have a crime that's for the sexual abuse of a minor, even if it's a State law misdemeanor, it is an aggravated felony under Federal law. And less than a year ago, this Court in the Efride decision addressed that exact same issue and rejected the Petitioner's argument that was identical to the issue that he's raised here, saying that the law was to the contrary. And in the Efride decision, this Court cited the same decisions that we've cited in our answering brief in this case. Could I just get the government's view on the issue that Judge Wallinson was discussing with counsel about the dismissal of the earlier petition, the habeas petition in district court, and then here? As far as the government's concerned, I gather, that doesn't pose any problems. I think that's correct, Your Honor. Under real ID, as I understand it. Under real ID. The government certainly has jurisdictional exhaustion questions with this argument, and those would be administrative exhaustion. Right. Because he didn't bring up the VA. I don't think the government has a problem, given this Court's holding that he could bring a habeas decision, the fact that we got here this way, although we have argued from the beginning that there are administrative exhaustion preclusions, this Court having jurisdiction. And, Your Honor, I believe that's all I have. I'm happy to answer any questions that you might have on the secondary argument, which is the voluntary departure and retroactivity issue, if you have any. Let me ask this question. If the only exhaustion argument that the government makes is that something wasn't exhausted at the VIA, then I thought that under Garcia Ramirez, President of the Ninth Circuit, that we had said that if the argument is an impermissible retroactivity type argument, that that doesn't have to be exhausted for the Board, because it doesn't have authority to find statutes unconstitutional. So, in other words, an argument that the Board applied something in an impermissible retroactive way can be presented in the Appeals Court without having been presented to the VIA. If I'm correct, that's what we held in Garcia Ramirez for the reason I said. I guess I would have two comments there. The first one is it wasn't necessarily my understanding that the Petitioner was raising a constitutional challenge to the retroactive application of the definition as it pertains to voluntary departure. It was my understanding that it was more a statutory interpretation argument. But I think, Your Honors, more importantly, and regardless of the exhaustion issue, the thing that we should consider is the ordinary remand rule. And under the Supreme Court's precedence in Thomas and Ventura, I think the VIA is the proper body to first look at the retroactivity question in the first instance. It's important to note that not only did the VIA not address the question in this case because it wasn't raised, but they have never looked at that question. But if it's a question on which they don't have authority to make a ruling, can the VIA refuse to buy a statute that Congress says should be retroactive if the VIA thinks it's infamously retroactive? I don't think the VIA does. I always thought the VIA was not allowed to hold a statute unconstitutional. I'm not sure that the VIA would need to find that the statute was unconstitutional. It could just apply its own interpretation of its own statutes to say that it should or shouldn't be applied retroactively as to the voluntary departure issue. And that's simply an opportunity that it has never had to make. And I would say that before the Court can address that statutory construction issue as to retroactivity and voluntary departure, the VIA under Ventura and Thomas needs to be given the opportunity to do so in the first instance before this Court would have jurisdiction to address it. And I've gone over my time. I apologize. Thank you, Your Honors. We're giving your colleague a little extra time, so that will make it easier. Just briefly, Your Honors, on the issue of raising the cases, the distinction in the opening briefs, these two cases, Lopez-Martinez and – pardon me, I keep reflating those two – Lopez-Solis and Baza-Martinez are all quite recent. They came down after the opening brief was filed. And I think that the question is whether or not those cases are going to be followed in this case. Once we get to the heart of the issue and get over the exhaustion or whether the Freedy case is, and the Freedy situation was a case where there was clearly deference given to the VIA's interpretation, and that was actually questioned, at least that analysis was questioned, Baza-Martinez, Your Honors, where they were construing a similar but not identical North Carolina statute, and the court questioned whether or not there was proper deference should have been given because it was a state criminal statute they were interpreting and not one that had been passed specifically through the Board of Immigration Appeals. I agree we did not file a motion to reopen the VIA, but I think the VIA's decision – I believe we were excused from that on the grounds of settled law under the matter of Small's decision. I agree it could be, Your Honor, but I think that their position is – well, it's at the point where it basically would be futile to raise that at that point, Your Honor. That's all I can say about that. That's just my opinion about what would have probably happened with that. If there's any other questions. Thank you very much. Thank you very much. Okay. Al-Basri v. Gonzalez shall be submitted.
judges: Gould, Paez, Rawlinson